## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN SABA, et al., | ) |
|     Plaintiffs, | ) |
| v. | )    Case No. 4:05CV02000-RWS |
| CITY OF FARMINGTON, | ) |
|     Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before me on the motion to dismiss of the City of Farmington. Plaintiffs allege that they were deprived of a property interest without due process of law in violation of 42 U.S.C. § 1983. The City contends that the complaint should be dismissed for lack of ripeness and for failure to state a cause of action. The City's motion will be granted.

### BACKGROUND FACTS

The City of Farmington issued a building permit to plaintiffs to construct a fence along the their residential property line. Six days later, the City issued a building permit to their neighbor, Roger Fuchs, to build a fence along the same property line. Before the plaintiffs' fence was erected, Fuchs constructed his fence. The plaintiffs then constructed their fence as close to Fuchs' fence as possible, claiming that the City's mayor Charles Rorex advised them to do so. Farmington City Code §§ 405.230(E)(8) and (9) prohibits the construction of a fence within two feet of a parallel fence.

In their § 1983 action against the City, plaintiffs allege that the building permit issued to John Saba created a protectible property interest, and that defendant deprived them of this property

1

interest without due process by issuing the conflicting permit to Fuchs. The City contends that plaintiffs' complaint should be dismissed because there are procedures available to them to obtain a variance from the City's ordinances and plaintiffs chose not to avail themselves of those procedures.

## DISCUSSION

### I. Lack of Ripeness

The City moves to dismiss the complaint on the ground that plaintiffs' claim is not ripe for adjudication. Ripeness is a threshold issue of subject matter jurisdiction. Federal court jurisdiction is limited to "cases and controversies" under Article III of the U.S. Constitution. Bergstrom v. Bergstrom, 623 F.2d 517, 519 (8th Cir. 1980). For this reason, courts avoid deciding constitutional questions "in advance of the strictest necessity." Poe v. Ullman, 367 U.S. 497, 503 (1961).

A constitutional case involving land use regulation is not ripe for federal adjudication unless the plaintiff has first submitted a request to the local land use authority for a variance from the regulation. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985). Ripeness requires a final, definitive position as to how the landowner can use the property. Id. at 186. In Williamson County, the United States Supreme Court held that this rule applies both to takings cases and due process cases under the Fourteenth Amendment. Id. at 200. This rule has become known as the "prong-one ripeness" test. Murphy v. New Milford Zoning Com'n, 402 F.3d 342, 348 (2nd Cir. 2005). Other circuits have applied this rule to land use cases where lack of procedural due process is alleged. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83 (2nd Cir. 2002); Unity Ventures v. Lake County, 841 F.2d 770 (7th Cir. 1988).

Requiring a claimant to seek a variance from the local land use authority is advisable because it could provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes. Murphy, 402 F.3d at 348 (citing Williamson County, 473 U.S. at 187). Moreover, it aids in the development of a full record and allows a court to know precisely how a regulation will be applied to a particular parcel. Id. Here, plaintiffs have not applied for a variance from the City of Farmington Board of Adjustment, which is necessary to satisfy the requirements of ripeness. Williamson County, 473 U.S. at 186. The decision regarding plaintiffs' property rights therefore cannot be said to be "final." For this reason, plaintiffs' § 1983 complaint is not ripe for federal adjudication, and must be dismissed.

**II. Failure to State a Claim**

The City also moves to dismiss the case for failure to state a claim upon which relief may be granted. A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, the Court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, plaintiff must show a deprivation of a right, privilege, or immunity protected by the Constitution. Meyer v. City of Joplin, 281 F.3d 759, 761 (8th Cir. 2002). Plaintiffs allege that they were deprived of a property right without due process of law. Due process has two components: procedural due process and substantive due process. Creason v. City of Washington, 435 F.3d 820, 824 (8th Cir. 2006) (citing County of Sacramento v.

Lewis, 523 U.S. 833, 840 (1998)).  Because plaintiffs do not specifically allege whether they are claiming a violation of either substantive or procedural due process, the Court will consider both within the context of the facts alleged.

**A. Substantive Due Process**

"[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases . . . . " Myers v. Scott County, 868 F.2d 1017, 1019 (8th Cir. 1989). Substantive due process may be violated if state action either shocks the conscience or offends judicial notions of fairness or human dignity. Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989). To meet his burden, a § 1983 plaintiff must demonstrate that the government action complained of is "truly irrational," that is "something more than . . . arbitrary, capricious, or in violation of state law." Id. The Eighth Circuit Court of Appeals rejected a substantive due process claim where city officials allegedly enforced an invalid zoning ordinance, on the grounds that even a bad-faith violation would not be sufficient to sustain a substantive due process claim. Chesterfield Development Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992).

The facts alleged by plaintiffs here simply do not meet the high threshold of a substantive due process violation.  For this reason, the complaint does not state a substantive due process claim.

**B. Procedural Due Process**

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." City of Los Angeles v. David, 538 U.S. 715, 717 (2003). Once a protectible property interest is found, the question remains as to what process is due. Morrisey v. Brewer, 408 U.S. 471, 481 (1972). For purposes of deciding this motion only, the Court will assume that plaintiffs have a protectible property interest in the building permit issued to them.

4

The City contends that plaintiffs have failed to state a procedural due process claim because they do not allege that adequate processes were denied them, and the processes that were available to plaintiffs -- but ignored -- exceeded constitutional minimums.

In general, it is not necessary for a plaintiff to exhaust state remedies before filing an action under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 480 (1994). However, where the alleged constitutional violation is one of procedural due process, exhaustion of state remedies is necessary before the allegations state a claim under § 1983. Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000).

As the City correctly points out, there are available state law remedies. Missouri law provides that a property owner may seek a zoning variance through the Board of Adjustment. See Mo. Rev. Stat. §§ 89.080 - 89.100. The board has power to "modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made . . . ." Id. § 89.090. In addition, parties may appeal Board of Adjustment decisions to the state circuit court. Mo. Rev. Stat. § 89.110.

Plaintiffs have not attempted to utilize the available processes, nor do they allege that they have been denied access to state law remedies. Because plaintiffs have failed to exhaust state law remedies by seeking a variance from the Board of Adjustment, they do not state a claim for a violation of procedural due process under 42 U.S.C. § 1983.

Finally, plaintiffs allege that the City's negligence caused injury to them. Plaintiffs' claim fails because negligence is not a valid basis for liability under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.").

5

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [#14] is granted, and plaintiffs' complaint is dismissed without prejudice.

                                                                              _____
                                                                              RODNEY W. SIPPEL
                                                                              UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2006.