UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN SABA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2000 RWS |
| | ) |
| CITY OF FARMINGTON, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on defendant's motion for attorney's fees. The motion will be denied.

On March 31, 2006, I dismissed plaintiffs' § 1983 complaint without prejudice for lack of ripeness and because it failed to state a claim. Defendant now moves for attorney's fees under 42 U.S.C. § 1988 , which provides for an award of attorney's fees to the prevailing party on claims brought under 42 U.S.C. § 1983. Under § 1988, "a plaintiff should not be assessed [his] opponent's attorney's fees unless a court finds that [his] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). A defendant cannot demonstrate that a plaintiff's claim is frivolous, unreasonable or groundless "without a judicial determination of the plaintiff's case on this merits." Marquart v. Lodge

837, International Assoc. of Machinists and Aerospace Workers, 26 F.3d 842, 852 (8th Cir. 1994). For this reason, a defendant is not a prevailing party if a plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party, a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought. Where a complaint has been dismissed for lack of subject matter jurisdiction, the defendant has not prevailed over the plaintiff on any issue central to the merits of the litigation.") (internal citations and quotation marks omitted); see also State of Missouri ex rel. Missouri Highway and Transportation Commission v. Cuffley, 112 F.3d 1332, 1338 (8th Cir. 1997). A statutory award of attorney's fees "lies within the sound discretion of the trial court." Robinson v. Monsanto Co., 758 F.2d 331, 336 (8th Cir. 1985).

Defendant is not entitled to fees in this case because it is not a prevailing party under § 1988. Plaintiffs' complaint was dismissed for lack of subject matter jurisdiction because the claims were not ripe for judicial determination. This precludes an award of attorney's fees. See Cass, 908 F.2d at 298; Cuffley, 112 F.3d at 1338 (defendant was not prevailing party entitled to attorney's fees in a case dismissed for lack of ripeness). While it is true that I also dismissed plaintiffs' complaint for failure to state a claim, this dismissal was without prejudice and was

not an adjudication on the merits. Instead I held that plaintiffs failed to state a due process claim because they had not exhausted state law remedies by seeking a variance from the Board of Adjustment, which is the same reason I dismissed the complaint for lack of subject matter jurisdiction. Although defendant may believe that, "as a practical matter," plaintiffs cannot refile their complaint at a later time, there is nothing in my Order that precludes them from doing so. Because defendant is not a prevailing party under § 1988, the motion for attorney's fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for attorney's fees [#23] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2006.